**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| RANDALL SANDERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| -vs- | ) | NO. CIV-26-1910-HE |
| | ) | |
| KELLI DAVIS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

Petitioner Randall Sanders, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. He claimed Oklahoma has no jurisdiction to prosecute or detain him because he is an "Indian with some Indian blood[.]" [Doc. #1, ECF p. 7]. The matter was referred to United States Magistrate Judge Suzanne Mitchell for preliminary review in accordance with 28 U.S.C. § 636. [Doc. #3]. Upon initial screening, she issued a Report and Recommendation [Doc. #16], recommending the court dismiss the habeas petition without prejudice for lack of jurisdiction and deny the motion to appoint counsel [Doc. #11] as moot. Specifically, as to dismissal, she determined: (1) the petition challenges the validity of petitioner's state court conviction of first degree murder and the proper avenue for such challenge is a petition under 28 U.S.C. § 2254; (2) while the court could liberally construe the petition as a § 2254 petition, the court would lack jurisdiction to consider it because it is an unauthorized second or successive § 2254 habeas petition; and (3) the transfer of the unauthorized § 2254 petition to the Tenth Circuit Court of Appeals for the required authorization would be a waste of judicial resources

because petitioner cannot meet the statutory requirements specified in 28 U.S.C. § 2244(b)(2).

The magistrate judge advised petitioner of his right to file an objection to the Report and Recommendation and the consequences of his failure to file a timely objection. Although petitioner has not filed any document challenging the Report and Recommendation, he has filed a document entitled "Amended Motion § 2241(c)" seeking to compel the court to release him because of "28 U.S.C. § 2254(b)(1)(A)(B)(i) 'Savings Clause' or Factual [Innocence]." [Doc. #17]. The court construes the document as an objection to the Report and Recommendation.[1]

Pursuant to 28 U.S.C. § 636(b)(1), the court has conducted a *de novo* review of the matter. The court concurs with the analysis of the magistrate judge. The court concludes that petitioner's objection is without merit and should be overruled. It is clear petitioner challenges the validity of his state court conviction and under Tenth Circuit precedent, as cited by the magistrate judge, the "proper avenue" for such challenge is a § 2254 petition. Yellowbear v. Wyoming Atty. Gen., 525 F.3d 921, 924 (10th Cir. 2008). Although petitioner appears to invoke 28 U.S.C. § 2254(b)(1)(A), § 2254(b)(1)(B)(i), and § 2254(d)(1) to support his § 2241 petition, none of these statutory provisions authorize him to challenge the validity of his state court conviction under § 2241. Additionally, despite petitioner's argument to the contrary, the district court's decision in Deerleader v.

---

[1] *Petitioner has also filed a document entitled "Amended Motion to § 2241(c)(3)" along with an attachment claiming a right to court-appointed counsel [Doc. #18, Doc. #18-1]. The court construes the document and the attachment as a motion to appoint counsel.*

Crow, Case No. 20-CV-0172-JED-CDL, 2021 WL 150014 (N.D. Okla. Jan. 15, 2021), does not support petitioner seeking relief under § 2241. The petition at issue in Deerleader was filed under § 2254, rather than § 2241. Further, while petitioner claims factual innocence supports his § 2241 petition, a "claim of actual innocence by a habeas petitioner does not serve as the basis for granting habeas relief," Pacheco v. Habti, 62 F.4th 1233, 1241 (10th Cir. 2023), and therefore, does authorize his filing of a § 2241 petition.

The court agrees with the magistrate judge that while the court could construe the § 2241 petition as one under § 2254, the court would lack jurisdiction over the § 2254 petition because it would constitute a second or successive petition. The court also agrees that the transfer of the petition to the Tenth Circuit for authorization would be a waste of judicial resources because petitioner cannot meet the statutory requirements of 28 U.S.C. § 2244(b)(2). Therefore, the court agrees with the magistrate judge that dismissal of § 2241 petition for lack of jurisdiction is appropriate.

In sum, the court concludes that petitioner's "Amended Motion § 2241(c)," construed as an objection to the Report and Recommendation, is without merit and should be overruled. The court concludes that dismissal of the § 2241 petition for lack of jurisdiction is appropriate and will adopt the Report and Recommendation.

To the extent petitioner's "Amended Motion § 2241(c)" should be construed as an amended petition pursuant to 28 U.S.C. § 2241 permitted by Fed. R. Civ. P. 15(a), rather than an objection to the Report and Recommendation, the court concludes the amended petition is subject to dismissal for lack of jurisdiction for the same reasons set forth in this

order. The "Amended Motion to § 2241(c)(3)," construed as a motion to appoint counsel, will be denied as moot.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. The Tenth Circuit has determined that this requirement also applies to petitions brought by state prisoners under 28 U.S.C. § 2241. *See* Montez v. McKinna, 208 F.3d 862, 869 (10th Cir. 2000). When the district court dismisses "a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, the court concludes that petitioner cannot satisfy the required showing. The therefore court declines to issue a certificate of appealability.

Accordingly, the "Amended Motion § 2241(c)" [Doc. #17], construed as an objection to Report and Recommendation, is **OVERRULED** and the Report and Recommendation [Doc. #16] is **ADOPTED**. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 [Doc. #1] is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction and the motion to appoint counsel [Doc. #11] is **DENIED as MOOT**.

To the extent petitioner's "Amended Motion § 2241(c)" [Doc. #17] should be construed as an amended petition pursuant to 28 U.S.C.. § 2241, the amended petition is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. The "Amended Motion

to § 2244(c)(3)," [Doc. #18, Doc. #18-1], construed as a motion to appoint counsel, is **DENIED as MOOT**.

In light of petitioner's previous payment of the $5.00 filing fee and in light of the court's ruling, the application for leave to proceed in forma pauperis, which includes a request for injunction, grant of due process rights, and a Federal Indian attorney [Doc. 10], is **DENIED as MOOT**.

A certificate of appealability is **DENIED**.

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 26th day of October, 2026.

JOE HEATON
UNITED STATES DISTRICT JUDGE